May it please the Court, good morning. Kevin Kono for Defendant's Appellants. And if I may, I'd like to reserve two minutes of my argument time for rebuttal. This appeal presents two fundamental questions. One is the question of waiver of a contractual right, here embodied in the Forum Selection Clause, that issue in this case, and one dealing with the application of the doctrine of claim preclusion. These are two separate issues, and resolution of either in favor of defendants independently warrants reversal of the district court's remand order. Now, to be clear, this appeal does not present issues relating to removal, jurisdiction, or the statutory right to seek remand. The district court properly determined that it had jurisdiction, and defendants do not argue that plaintiff waived the statutory right to remand. Instead, as a matter of contract law, plaintiff waived the Forum Selection Clause by choosing not to enforce it in the original case. And that waiver applies to this case because it's the same dispute, the same parties. But isn't the contract, doesn't the contract have a clause in it that says, you know, failure to enforce a provision doesn't waive it for all future events? Your Honor, I'd have to look at the contract. I don't know. That would be a good idea. You're arguing the contract. Isn't this case all about the contract? The waiver portion of the argument is about the contract. It says right here in subsection 10c, no delay or failure in exercising any right hereunder, and no partial or single exercise thereof shall be deemed to constitute a waiver of such right or any other rights hereunder. If I may. It might have been a good idea to check that out before you made the argument. Yes, Your Honor, I appreciate that. If, in fact, there is a nonwaiver provision that does affect the waiver argument quite clearly, we still have the claim preclusion. What's the authority for claim preclusion? That's not what the district court went off on. It went off on issue preclusion. I take it you're not pushing that theory. The issue preclusion, no, Your Honor. It's claim preclusion. That is correct. Okay. Now, what authority do you have for extending claim preclusion to a venue provision like this? There is no case that we've found that addresses this issue one way or the other. The authority is the general doctrine of claim preclusion, that it applies to claims or defenses which were or could have been raised in prior litigation. And the ---- Is it your position that venue is a defense to the merits of a claim? It is our position that venue is a defense to recovery in Federal court that is covered by ---- I thought venue was just all about where the case was going to be heard. It is about where the case is going to be heard. But to tie it in to Judge Fischer's question, claim preclusion applies to defenses to recovery. And, again, I've not found any case in the plaintiff hasn't cited any case that puts an additional gloss on what defenses to recovery mean in the context of venue. Our position is that it is a defense to recovery in Federal court, just like defense of lack of jurisdiction is a defense to recovery in Federal court. And that is defense that can be precluded. Now, if this were ---- if this had been simply a dismissal for improper venue, then we would be in a different position here because the case law is quite clear that dismissal for improper venue is not a judgment that has preclusive effect. So are you arguing that if the new suit, the second suit, was one that didn't involve substantive claims that were the same, but they had failed in the first case to raise the form selection clause, that thereafter, under that contract, they'd waived the form selection clause in any other claim against these defendants? So this is a waiver, not a claim preclusion question? No, it's a claim preclusion question. Okay. The answer is no, we're not taking that position. I think the defenses and the claims are tied together. It's not the identical ---- claim preclusion requires that one element that the case presents the same claims. And claim preclusion precludes defenses that were raised or could have been raised. So I think the two are tied together. A defense can't have been raised if the claim wasn't raised. This is a defense. Well, the defense. In other words, if they hadn't enforced the form selection clause, you say it's a defense. So you're not arguing through the claim preclusion doctrine that once they fail to use it in case one, they can never use it again in any other case against the defendants, even if it involves different claims. That is correct. But here it involves the same claims. The plaintiffs have conceded that. They conceded it to the district court. They haven't argued to the contrary here. So it is a defense to recovery in Federal court against these particular claims. I understand that this ---- I'm having a little trouble understanding why it's a claim, though. As Judge Paez noted, it's a procedural issue as to where venue lies. The parties have agreed to have it in the Oregon courts. They don't raise it in the first action. And you're saying that thereafter in any other action related to these claims, it's precluded as a matter of law. Right. Well, we're not arguing that the form selection clause is a claim. We're arguing that it's a defense. The doctrine of claim preclusion covers claims and defenses. I understand that. And, again, our position is that a defense to recovery does not, for purposes of claim preclusion, require that it be a defense in all courts for all time. This is venue, although often a procedural issue. Here is a defense to recovery in Federal court. If the form selection clause is raised and enforced, had it been raised and enforced in the original case, the original case would have been dismissed from Federal court. Granted, if it had been raised as here in the case, in the context of remand, it would have been returned to State court. But that doesn't make it any less a defense to recovery in Federal court. Well, what's the policy rationale for extending claim preclusion to a venue defense? I think it's the same underlying policy that applies to claim preclusion generally. It's about judicial economy and it's about fairness. This plaintiff had a contractual right and had a defense based on that contractual right of improper venue. But what's the – I'm not sure what the efficiency or the – where's the efficiency or the – let's start with the efficiency. To determine whether or not this ultimate case is subject to res judicata and will be thrown out in – case two will be thrown out on the basis of case one, what's the economy? No guarantee that the same district court, Federal district court, is going to get case two that got case one. Isn't that correct? I think that's true. So some judge is going to have to go through and apply the State law. Whether it's a Federal court applying State law or the State court applying State law is going to have to determine whether the claims themselves are precluded by claim preclusion, res judicata. So where's the efficiency? You're right, Your Honor. There's no guarantee it would go back to the same judge. I think because Federal procedural law had applied in the first case, there may be some efficiencies there. I think the – so you may be right. There may not be a great efficiency. Okay. So what's the fairness then? The fairness issue is that the plaintiff has had its opportunity to defend against venue in Federal court. Well, that may be true, but so what? I mean, you still – the ultimate case here is not about venue. The ultimate case is about whether case number two is going to go forward in litigation, and why can't the State court make the determination of that? Right. Well, part of claim preclusion is not interfering with rights previously established in the prior case. And in the prior case, in the original case here, the right to have this case heard in Federal court was effectively established by the plaintiff's failure to assert the forum selection clause. But I don't understand why you think that's a defense. Well, I don't know how to say it other than it is a defense to recovery in Federal court, much like subject matter jurisdiction would be a defense to recovery in Federal court. If there is no venue, if there is no jurisdiction, the plaintiff cannot recover on their substantive claims in Federal court. And – It doesn't really defeat the claim. Venue selection clause doesn't really defeat the claim. So I don't see how you conclude that's a defense. Well, I agree, Your Honor, that it doesn't fit squarely with what other traditional defenses are. But the plaintiff has agreed that subject matter jurisdiction is a defense to recovery, and I think venue, as we pointed out in our reply, is very analogous to that. It precludes recovery in one particular forum. It may not – like statute of limitations, if you look at – I see my time is up. If I may complete my thought, the Semtec case that plaintiff relies on has statute of limitations as a defense to recovery. It may not be a defense to recovery in Maryland court, even though it was time barred in California court. So I think analogous to that, a defense to recovery in one court is still a defense. Thank you. Thank you. Okay. May it please the Court, Counsel, Charles Bullen, representing Plaintiff Cornish Corporation, in this case. I would agree with the Court that Section 10C specifically deals with the issue we're dealing with, the waiver issue, and we haven't waived it pursuant to the contract, but also we've cited case law that discusses why the plaintiff may not be able to recover. And procedurally, we haven't waived the venue provision as well in our case. And defendants, as they pointed out, they do not – Are you foreign shopping? I'm sorry, Your Honor. Are you forum shopping? No, Your Honor. What we're attempting to do is litigate the substance of the case. And to do that, we need to file the case in State court. And we think that Semtec sets the framework for doing that in the sense that we initially have to file in State court to be able to argue substantive law about this case. We could have sought an amendment in the first case, right? That's correct, Your Honor. Didn't. That's correct. But the case language there and eventually it was dismissed. It was dismissed under Rule 41b. So why aren't you forum shopping? It's not – Your Honor, it's not forum shopping in the sense that we think that the forum may be better or worse depending. In this case, I think we're trying to get to a forum where we can proceed with the substance of the case. Under Semtec, we would admit we couldn't refile in Federal court after the first case was dismissed under 41b. And we didn't attempt to do that. We filed in State court. We attempted to litigate through – to get to the substance, the issues of the case itself. And that was then removed to the Federal court. And the reason you agree you couldn't file in Federal court is what? I'm sorry, Your Honor. And why do you agree you couldn't file in Federal court? Under Semtec, in terms of the effects of Rule 41b, the Semtec case and also the Sticksville case imply or hold that because of the particulars of the judgment under 41b, it's not claim preclusion in the sense that you would not have a claim, but it prevents you from refiling that case or that claim in Federal court once it's been dismissed under 41b. So this is the same identical claim as filed the last time? There are some differences in the case itself in terms of a party and some of the claims, but we would admit that the substance of the case remains the same. Procedurally, we contend it's a different case, but substantively the case remains the same in terms of the defendants and some of the claims. There are a couple of contractual issues, but it all stems from the contract itself that you pointed out earlier, Your Honor. So if the Federal court is supposed to apply claim preclusion law under Oregon law and Oregon law is going to apply its own law, wouldn't the result be the same whether you're in State court or Federal court? We would argue that it would be the same, and we'd also argue that that's the same. It's barred because it's the same. We would argue that the law is the same in terms of the preclusive effect of 41b. Both Oregon State Supreme Court and the United States Supreme Court law would treat 41b as not an adjudication, substantive adjudication on the merits. It would be a procedural judgment that would not keep this case from being refiled in State court, which is what we've done in this case. The preclusive effect of this case is wholly hinging on 41b, one of prosecution, and that dismissal under Oregon State Supreme Court law would not be preclusive to allowing the case to go forward under a substantive basis. So if we were faced with Oregon's substantive law in this case, we'd argue that, first of all, that would be something for the summary judgment proceeding, but if we go there under Oregon State Supreme Court law, we are not precluded from bringing the case because under 41b, the case was dismissed for one of prosecution, not for a substantive issue as an adjudication of the merits. So it's not to be like you are photoshopping. You're looking for a place where you can get out from under the bar to the lawsuit you would have in federal court. If the case remains in federal court, we would argue that we're still not precluded from continuing on under substantive law, but under Semtec, it was our view that we needed to file the case in State court the second time because under 41b and the holding in Semtec, we would be precluded from refiling at federal court because of the nature of the 41b dismissal. And, you know, in the term forum shopping, we felt like we had no choice but to file in State court. And the holding in Semtec from our position would be, we think it would be obviated in the sense that, okay, you can refile in State court, which we've done now, but by the way, you're then going to be removed to federal court, and then the very rule, 41b, that's been held to not be sufficient for claim preclusion is then going to be used to dismiss your case for once and for all in federal court. And that's the argument and the result that they're pushing here. And under, first of all, I just want to point out the claim preclusion argument, we don't believe it's a defense. We've briefed that. But more importantly, we don't believe that it follows under the judgment that you need for claim preclusion that a 41b judgment would be sufficient. To allow a claim preclusion situation to stop the claim. Under 41b, the judgment is not an adjudication on the substantive issues of the case, and Semtec, the court points that out, and we would argue that that is holding in this case. What we would like is an opportunity to litigate the substantive issues in the case in State court. We contracted, we being plaintiff and defendant, both at an arm's length corporations contracted to have venue in the State Courts of Oregon. We haven't waived that provision, and we'd like to be able to go forward and litigate the substantive issues in that case in State court. Thank you very much. Okay, thank you. Would you like a minute for rebuttal? Thank you, Your Honor. I did use up all my time at the outset, so I appreciate any opportunity that I have here to respond. With respect to judgment on the merits, Semtec doesn't say that a 41b judgment is never a judgment that has preclusive effect. It just says it is not a judgment that automatically has preclusive effect. And then it says when looking at a judgment from a Federal court sitting in diversity, you look to State law to determine the preclusive effect. Here, State law, the Aguirre case and the Ram Court of Appeals case that we cited say you look to Federal law for the preclusive effect. So it does complete a full circle, and the cases that we've cited to the Court indicate that this Court, both before and after Semtec, treat a dismissal for one of prosecution and failure to comply with court orders as a judgment that has preclusive effect. So on that prong, there is a judgment on the merits that has preclusive effect, unless the Court has further questions. Thank you. Thank you. Case decided. We'll stay in a few minutes. We'll next hear Schuster v. Blades.
judges: Kozinski, Fisher, Paez